UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRO ROOFING NW INC., a Washington corporation,<br><br>Defendant. | Civil Action No. 2:25-cv-00482<br><br>**COMPLAINT FOR SERVICE-MARK INFRINGEMENT, UNFAIR COMPETITION, AND BREACH OF CONTRACT** |

Plaintiff Tristate Roofing Inc. (hereinafter "Tristate") for its complaint against Defendant Pro Roofing NW Inc. (hereinafter "Pro Roofing"), alleges as follows.

**THE PARTIES**

1. Plaintiff Tristate is a corporation of the State of Washington, having a business address of 1901 Center St, Tacoma, Washington, 98409.

2. On information and belief, Defendant Pro Roofing is a corporation of the State of Washington, having a business address of 12500 128th Ln NE, Kirkland, Washington, 98034.

3. On information and belief, Defendant Pro Roofing occasionally does business under its corporate name.

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 1
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

**JURISDICTION AND VENUE**

4.     This civil action arises under the Federal Unfair Competition Laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; the Federal Trademark Laws of the United States, 15 U.S.C. § 1114 [Lanham Act § 32]; the Federal Anti-Dilution Laws of the United States, 15 U.S.C. § 1125(c) [Lanham Act § 43(c)]; the Washington State Consumer Protection Act, R.C.W. 19.86.020, *et seq.*; and the Washington State Anti-Dilution Statute, R.C.W. 19.77.160. Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

5.     Venue with respect to the Defendant is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c)(2) because the Defendant is doing business and has committed acts of infringement within this judicial district.

**FACTS COMMON TO ALL COUNTS**

6.     Plaintiff Tristate is the country's premier construction company specializing in building construction and repair services, including roofing, window-installation, and other contractor services.

7.     Plaintiff Tristate applied for registration of the mark WE GOT YOU COVERED® (hereinafter "the Registered Mark") in compliance with 15 U.S.C. § 1051(a) [Lanham Act § 1(a)] on October 13, 2016, and was granted U.S. Registration No. 5,294,365 ("the '365 Registration") on September 26, 2017, in connection with building construction and repair services, namely, roofing contractor services. A true and accurate copy of the '365 Registration is appended hereto as Exhibit 1.

8.     Defendant Pro Roofing assigned to Plaintiff Tristate service-mark rights and associated goodwill in the mark WE'VE GOT YOU COVERED (hereinafter "the Related Mark") in connection with the advertising of construction services, including roofing and other contractor services, throughout the State of Washington and in commerce. On information and belief,

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 2
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

Defendant Pro Roofing has continuously advertised and sold its services under the Related Mark since at least as early as 2007 through the present, including through assignment of the Related Mark to Plaintiff Tristate under a simultaneous license back to Defendant Pro Roofing, without disruption of such services under the Related Mark by the assignment and transfer of rights. A true and accurate copy of the assignment for the Related Mark is appended hereto as Exhibit 2.

9. Numerous competitors have acknowledged Plaintiff Tristate's rights in the Registered Mark and the Related Mark (collectively hereinafter "the Family of Marks"). Appended hereto as Exhibit 3 is a true and accurate copy of settlement agreements in which such competitors acknowledge Plaintiff Tristate's rights in the Family of Marks.

10. The Family of Marks are heavily advertised by Plaintiff Tristate and its licensee(s) to their customers.

11. The Family of Marks are recognized by Plaintiff Tristate's customers and the customers of its licensee(s) as an indicator of source.

12. The Family of Marks are distinctive.

13. The Family of Marks are owned by Plaintiff Tristate.

14. On information and belief, Defendant Pro Roofing is a construction company offering building construction and repair services that include roofing contractor services.

15. On information and belief, Defendant Pro Roofing offers its roofing contractor services to the public in this judicial district under the designation COVERING YOU WITH QUALITY & EXCELLENCE (hereinafter "the Accused Mark") as shown in Exhibit 4, which are true and accurate copies of screen captures of Defendant Pro Roofing's website and Facebook profile from January of 2025.

16. The Accused Mark as used by Defendant Pro Roofing in its advertising materials is substantially identical in meaning, connotation, and commercial impression to Plaintiff Tristate's Registered Mark and Plaintiff Tristate's Related Mark.

17. Plaintiff Tristate has, since before adoption of the Accused Mark by Defendant Pro Roofing, continuously used the Registered Mark in connection with the advertising of its

COMPLAINT FOR SERVICE-MARK INFRINGEMENT, UNFAIR COMPETITION, AND BREACH OF CONTRACT - 3
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

construction and contractor services, including roofing contractor services, throughout the State of Washington and in commerce.

18. Plaintiff Tristate licenses the Related Mark to Defendant Pro Roofing who has continuously used the Related Mark in connection with the advertising of construction and contractor services, including roofing contractor services, throughout the State of Washington and in commerce. Plaintiff Tristate retained supervisory control over Defendant Pro Roofing with respect to the services advertised and sold under the Related Mark, and as the licensee of the Related Mark, Defendant Pro Roofing maintains the nature and quality of its services advertised and sold under the Related Mark to a standard set by Plaintiff Tristate. Plaintiff Tristate regularly evaluates that such quality control is maintained with respect to Defendant Pro Roofing's services advertised and sold under the Related Mark.

19. On July 9, 2022, Defendant Pro Roofing and Plaintiff Tristate entered into a licensing agreement and settlement agreement (the "Agreement") that gave Defendant Pro Roofing the right in Washington to use the service mark "WE'VE GOT YOU COVERED" in a limited manner.

20. As part of this Agreement, Defendant Pro Roofing had a limited 12-month phase out period to phase out all uses of the Related Mark that did not comply with the license. *See* Exhibit 5, at ¶ 4.

21. Defendant Pro Roofing now uses the new Accused Mark in attempt to claw back the goodwill that it assigned to Plaintiff Tristate in settlement of the parties' prior litigation.

22. Defendant Pro Roofing was placed on notice of Plaintiff Tristate's rights by the parties' previous contact and dispute with Plaintiff Tristate and the parties' subsequent settlement. Defendant Pro Roofing began advertising and selling under the Accused Mark, subsequent to the effective date of the Agreement, despite having such notice.

23. Defendant Pro Roofing refuses to cease use of the Accused Mark.

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 4
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

## CLAIM FOR RELIEF, COUNT I

Violation of Consumer Protection Act

24. Plaintiff Tristate repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

25. The above-described acts of Defendant Pro Roofing constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 *et seq.* that have infringed Plaintiff Tristate's common law service-mark rights and thereby injured Plaintiff Tristate in its business and property.

26. Plaintiff Tristate is further injured in that consumers are likely to be confused as to the source, sponsorship, or affiliation and to purchase building construction and repair services from Defendant Pro Roofing believing that they originated with Plaintiff Tristate, were approved of by Plaintiff Tristate, or were affiliated with Plaintiff Tristate.

27. Defendant Pro Roofing is aware of Plaintiff Tristate's service-mark rights.

28. Defendant Pro Roofing knows and intends for such confusion to occur through its advertisements of its services under the Accused Mark.

29. Advertisement by Defendant Pro Roofing under the Accused Mark is directed to consumers widely throughout this state, thereby affecting the public interest.

30. Defendant Pro Roofing continues to do so despite notice, making it clear that Defendant Pro Roofing infringing actions will continue unless enjoined by this Court.

31. The aforesaid acts by Defendant Pro Roofing have been knowing, willful, and without Plaintiff Tristate's permission.

32. The aforesaid acts by Defendant Pro Roofing have been intended to trade on Plaintiff Tristate's goodwill in the State of Washington.

## CLAIM FOR RELIEF, COUNT II

Federal Unfair Competition

33. Plaintiff Tristate repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 5
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

34. The advertisement by Defendant Pro Roofing for its building construction and repair services under the Accused Mark amounts to a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection, or association between the source of Defendant Pro Roofing's building construction and repair services and the source of Plaintiff Tristate's services.

35. Plaintiff Tristate is likely to be damaged by such confusion as to affiliation, connection, or association of the type described.

36. The aforesaid acts by Defendant Pro Roofing have been knowing, willful, and without Plaintiff Tristate's prior knowledge or consent.

37. The aforesaid acts by Defendant Pro Roofing are therefore a violation of Plaintiff Tristate's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

## CLAIM FOR RELIEF, COUNT III

Registered Service-Mark Infringement

38. Plaintiff Tristate repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

39. Defendant Pro Roofing has advertised its services under the Accused Mark so as to confuse the relevant purchasing public as to the source, sponsorship, or affiliation of Defendant Pro Roofing's building construction and repair services with the source, sponsorship, or affiliation of Plaintiff Tristate's services.

40. Defendant Pro Roofing has advertised, offered for sale, and sold its building construction and repair services under the Accused Mark in commerce regulated by Congress.

41. The acts by Defendant Pro Roofing were without the prior knowledge, permission, or consent of Plaintiff Tristate.

42. The acts by Defendant Pro Roofing therefore violate Plaintiff Tristate's exclusive rights under 15 U.S.C. § 1115.

43. In accordance with 15 U.S.C. §§ 1116 and 1117, Plaintiff Tristate is entitled to an injunction against further infringement and an award for the actual damages it has suffered and all

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 6
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

profits, gains, and advantages derived by the Defendant Pro Roofing as a result of its infringement of Plaintiff Tristate's rights under the Registered Mark.

**CLAIM FOR RELIEF, COUNT IV**

<u>Breach of Contract</u>

44. Plaintiff Tristate repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

45. Plaintiff Tristate and Defendant Pro Roofing entered into a valid and enforceable contract (the "Agreement") on or about July 9, 2022, wherein Plaintiff Tristate agreed to settle litigation regarding the Family of Marks and to license to Defendant Pro Roofing the mark "WE'VE GOT YOU COVERED" for use in Washington under and no wider than Defendant Pro Roofing's house mark. Defendant Pro Roofing agreed to phase out all other uses of the Related Mark under the Agreement.

46. Notwithstanding the Agreement, Defendant Pro Roofing commenced use of the Accused Mark after the effective date of the Agreement, thereby engaging in conduct designed to deprive Plaintiff Tristate the benefit of their bargain under the Agreement.

47. The above-described acts of Defendant Pro Roofing constitutes a breach of the duty of good faith and fair dealing in violation of Washington Law and has resulted in Defendant Pro Roofing infringing Plaintiff Tristate's common law and federal service-mark rights, thereby injuring Plaintiff Tristate in its business and property.

48. Plaintiff Tristate is further injured in that it has been deprived of the benefit of its bargain under the Agreement.

49. Defendant Pro Roofing's breach was intentional, unreasonable, and without justification.

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 7
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Tristate requests the entry of a judgment by this Court against the Defendant Pro Roofing providing:

(a) That Defendant Pro Roofing has violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq.;

(b) For an award of damages, together with interest, to compensate Plaintiff Tristate for Defendant Pro Roofing's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff Tristate of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

(c) That Defendant Pro Roofing deliver any item bearing the Accused Mark in the possession or under the control of Defendant Pro Roofing to an officer of the Court to be destroyed;

(d) That Defendant Pro Roofing willfully intended to trade on Plaintiff Tristate's reputation or to cause dilution of Plaintiff Tristate's Family of Marks;

(e) That Defendant Pro Roofing pay to Plaintiff Tristate all profits derived from and/or all damages suffered by reason of such dilution of the distinctive quality of Plaintiff Tristate's Family of Marks;

(f) That Defendant Pro Roofing pay Plaintiff Tristate's reasonable attorneys' fees;

(g) That Defendant Pro Roofing has violated § 43(a) of the Lanham Act;

(h) That Defendant Pro Roofing has infringed Plaintiff Tristate's Registered Mark;

(i) That Defendant Pro Roofing, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Pro Roofing be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection, or association of Defendant Pro Roofing with Plaintiff Tristate by virtue of similarities between Defendant Pro Roofing's Accused Mark and Plaintiff Tristate's Registered Mark and Plaintiff Tristate's Related Mark;

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 8
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

(j) For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of Defendant Pro Roofing's profits, damages sustained by Plaintiff Tristate, and the costs of the action including a trebling of such damages and that the Court determine that this is an exceptional case and award Plaintiff Tristate its reasonable attorney's fees;

(k) That Defendant Pro Roofing, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Pro Roofing be preliminarily and permanently enjoined and restrained from selling or offering to sell in commerce services under the Accused Mark and substantially identical designations and that this Court issue an order pursuant to 15 U.S.C. § 1116 requiring Defendant Pro Roofing to produce all advertising materials made or used in violation of Plaintiff Tristate's rights in the Registered Mark and in the Related Mark and of all proofs and other articles by means of which such advertising materials may be reproduced for destruction and file and serve a report in writing under oath setting forth in detail the manner and form in which Defendant Pro Roofing has complied with the injunction;

(l) For an award of Plaintiff Tristate's actual damages and Defendant Pro Roofing's profits in accordance with 15 U.S.C. § 1117, together with interest as this Court considers just to compensate Plaintiff Tristate for the past infringement of its Registered Mark and for an award to Plaintiff Tristate of all its costs with respect thereto in accordance with 15 U.S.C. § 1117;

(m) That Defendant Pro Roofing has breached its contract and the duty of good faith and fair dealing under Washington Law and in doing so has breached the Agreement; and

(n) For other and further relief as is provided by law and that this Court deems just and equitable.
//

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 9
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

Respectfully submitted on this 18th day of March, 2025.

BAMERT REGAN

s/John J. Bamert
John J. Bamert, WSBA No. 48128
Bamert@BamertRegan.com
206.486.7022

600 1st Ave, Suite 330-55215
Seattle, Washington 98104

*Counsel for Plaintiff Tristate Roofing Inc.*

COMPLAINT FOR SERVICE-MARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT - 10
Civil Action No. 2:25-cv-00482

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020